## GREENBAUM v. GRAMMER.

(Supreme Court, Appellate Term.　April 8, 1911.)

TRIAL (§ 109*)—OPENING STATEMENT—JUDGMENT.

Where an action was brought on subscription to shares of capital stock, the complaint alleging that the money was to be paid to a trustee, to be held for the consummation of the agreement, and that the corporation had duly performed all the conditions of the agreement on its part, and the answer denied the allegations of performance, and as a separate defense pleaded fraud in procuring the subscription, and upon the trial the defendant's counsel in his opening statement only referred to the defense of fraud, it was error for the court to enter judgment on the opening statement, as it was necessary for plaintiff to prove that the corporation had duly performed all the conditions of the agreement on its part; that being denied in the answer.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 270;　Dec. Dig. § 109.*]

Appeal from City Court of New York, Trial Term.

Action by Nathan Greenbaum, as receiver of the property of the National Standard Brewing Company, against Richard Grammer. From a judgment of the City Court on the pleadings, and on the opening address of defendant's counsel, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Jacob Stiefel (Charles Simon, of counsel), for appellant.

William L. Seyfarth (Gustav Gunkel, of counsel), for respondent.

SEABURY, J.　This action was brought to recover $1,200, alleged to be due on a subscription to 15 shares of the capital stock of the National Standard Brewing Company, of which the plaintiff had been appointed receiver in proceedings supplementary to execution. The complaint alleges that the money was to be paid to a trustee, to be held for the consummation of the agreement, and also that the corporation "has duly performed all the conditions on its part under the said agreement."

The answer denies the allegations that the corporation performed on its part the conditions of the agreement, and as a separate defense pleaded that the subscription was induced by fraud and deceit. Upon the trial the defendant's counsel, in his opening address to the jury, referred only to the separate defense of fraud. At the close of his address, and before any evidence was presented, the plaintiff moved for judgment in his favor on the pleadings and on the defendant's opening address. This motion was granted, subject to the defendant's exception, and from the judgment entered upon such direction the defendant appeals to this court.

We think that the court erred in granting the motion. Under the complaint it was necessary for the plaintiff to prove that "the said National Standard Brewing Company has duly performed all the conditions on its part under said agreement." This allegation was put in issue by the answer, and the mere fact that in his opening address

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

128 N.Y.S.—39

to the jury the defendant's counsel referred only to the alleged defense of fraud did not relieve the plaintiff from the obligation he was under of proving all those allegations of his complaint which were put in issue by the answer. No point is made of the alleged defense of fraud, and it seems to be conceded upon this appeal that it was insufficient in law.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.